*411 MOORE, J.,
concurs in part and dissents in part.
1,1 respectfully concur with the court’s opinion insofar as it awards Loutre Land the cost of the survey, and finds that the district court did not abuse its discretion in rejecting the expert witness fees of Carr and Weems or in fixing the damages for reforestation.
I dissent, however, from the portion of the opinion that reverses the treble damages and attorney fees, ostensibly under a reading of La. R.S. 3:4278.1. The majority cites Sullivan v. Wallace, 2010-0388 (La.11/30/10), 51 So.3d 702, for a rule that the penal provision cannot apply unless the defendant “harvested” trees illegally; Roberts destroyed trees that were mere seedlings, too young to be “harvested” for sale, ergo no penalty applies. However, Sullivan addressed the liability of co-owners of timberland; I do not read it as holding that trespassers may destroy seedlings with impunity. Moreover, I strongly disagree with the majority’s statements that Roberts acted “on the strength of recorded titles” and, critically, on a quitclaim deed obtained in an effort to “end the claim.” In reversing this court, the supreme court held that Loutre Land acquired title by a full warranty deed, including all rights of prescription, and that Roberts obtained a quitclaim deed only because the succession’s attorney told him that the succession had already sold the disputed tract. These facts completely negate any claim of good faith on Roberts’s part. The district court was not plainly wrong to find that Roberts willfully and intentionally violated the statute.
I would therefore affirm the award of treble damages and attorney fees.